UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DR MEDIA HOLDINGS, LLC, and<br>DEALERRATER.COM, LLC<br><br>        *Plaintiff*,<br><br>        -v-<br><br>DAN ROBINSON, individually<br>and d/b/a DEALERADAR, INC.<br><br>        *Defendant*. | Civil Action No. _____ |

## COMPLAINT

Plaintiffs DR Media Holdings, LLC ("DR Media Holdings") and DealerRater.com, LLC ("DealerRater"), (collectively, "Plaintiffs") allege as follows:

### PARTIES

1. Plaintiff DR Media Holdings is a Delaware limited liability company with its principal place of business in Waltham, Massachusetts.

2. Plaintiff DealerRater is a Massachusetts limited liability company with its principal place of business in Waltham, Massachusetts. DealerRater is a wholly-owned subsidiary of DR Media Holdings.

3. On information and belief, Defendant, Dan Robinson ("Defendant"), is a Canadian resident, is the founder and operator of "Dealeradar, Inc." ("Dealeradar"), and has controlled the activities of Dealeradar complained of herein.

4. On information and belief, Defendant has an office located in Saskatchewan, Canada.

### JURISDICTION AND VENUE

5. This Court has jurisdiction because (i) this action arises under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051 *et seq*. (the "Lanham Act"), and jurisdiction is specifically

conferred by 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b); and (ii) this is an action between citizens of a state and citizens of a foreign state in which the value of the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, jurisdiction being conferred in accordance with 28 U.S.C. § 1332.  Jurisdiction for the Massachusetts state common law claim is conferred in accordance with the principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this Court (i) under 28 U.S.C. §1391(b)(3) because the Defendant is subject to personal jurisdiction in the District of Massachusetts; (ii) under 28 U.S.C. § 1391(c)(3) because the Defendant is a foreign resident based in Canada, and on information and belief there is no other judicial district in which venue would be more appropriate; and (iii) under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS

### Plaintiffs' Valuable DEALERRATER Marks

7. For almost fifteen years, DR Media Holdings has operated a website located at www.dealerrater.com which prominently features the DEALERRATER mark (the "DealerRater Web Site").  The DealerRater Web Site is a leader in the field of automotive consumer review web sites.  The DealerRater Web Site allows consumers to search for consumer reviews on automotive dealers and service centers.  The DealerRater Web Site also provides information about automobiles, including but not limited to, automobiles for sale at various dealers and automobile recalls.

8.     DR Media Holdings' wholly-owned subsidiary and related company, DealerRater, offers online reputation management and monitoring services for automotive dealers via DealerRater Connections at www.dealerrater.com/dealers/products.

9.     DealerRater also offers a DEALERRATER mobile software application that allows automotive dealers to access the DealerRater Connections content through mobile devices.

10.    With thousands of consumer reviews, the DealerRater Web Site has become a leading destination for consumers and automotive dealers to navigate every aspect of consumer reviews of automobile dealers.

11.    Since at least as early as November 2002, Plaintiffs and their predecessors have continuously used the mark DEALERRATER in connection with the promotion, marketing, and operation of the DealerRater Web Site and mobile application.

12.    DR Media Holdings owns numerous federal trademark and certification mark registrations on the Principal Register of the United States Patent and Trademark Office, including the following:

| MARK | U.S. REG. NO. | U.S. REG. DATE | GOODS/SERVICES |
|---|---|---|---|
| **DEALERRATER** | 4,803,777 | 09/01/2015 | Providing online information services featuring reviews and ratings of motor vehicle dealerships and motor vehicles posted by users, motor vehicle news and recalls, motor vehicle classified advertisements, and motor vehicle dealerships; marketing services, namely, conducting consumer tracking behavior research and consumer trend analysis in International Class 35; |

| MARK | U.S. REG. NO. | U.S. REG. DATE | GOODS/SERVICES |
|---|---|---|---|
| DealerRater | 3,873,182 | 11/09/2010 | Providing online information services featuring reviews and ratings of motor vehicle dealerships and motor vehicles posted by users, motor vehicle news and recalls, motor vehicle classified advertisements, and motor vehicle dealership inventories; providing website space for advertising goods and services of motor vehicle dealerships in International Class 35; |
| DealerRater REVIEWS DRIVE BUSINESS | 4,558,329 | 07/01/2014 | Providing online information services featuring reviews and ratings of motor vehicle dealerships and motor vehicles posted by users, motor vehicle news and recalls, motor vehicle classified advertisements, and motor vehicle dealership inventories; providing website space for advertising goods and services of motor vehicle dealerships; marketing services, namely, conducting consumer tracking behavior research and consumer trend analysis in International Class 35; |
| **DEALERRATER** (certification mark) | 3,885,725 | 12/07/2010 | Automobile dealership services in International Class B; |

(collectively, the "DealerRater Marks"). True and correct copies of the TESS records for the DealerRater Marks are attached as Exhibit 1.

13. U.S. Registration Nos. 4,873,182, and 3,885,725 have become incontestable in accordance with 15 U.S.C. §§1065 and 1115(b) and, accordingly, constitute conclusive evidence of DR Media Holdings' exclusive right to use the mark throughout the United States.

14. Plaintiffs have spent millions of dollars advertising and marketing their services under the DealerRater Marks.

15. As a result of the Plaintiffs' extensive advertising and use of the DealerRater Marks, the DealerRater Marks have become well known, are associated solely with DR Media Holdings, and represent goodwill of extraordinary value owned by DR Media Holdings.

16. The DealerRater Marks are distinctive and well known, and acquired such distinction and renown long prior to when Defendant commenced any of the wrongful conduct set forth below.

### Defendant's Use of the Infringing DEALERADAR Mark

17. Defendant is in the business of offering reputation management and social media solution services for automobile dealers under the DEALERADAR name and mark through an Internet web site located at www.radaresults.com/automotive (the "Dealeradar Web Site"). A true and correct copy of the Dealeradar Web Site captured on October 23, 2017, is attached as Exhibit 2.

18. The Dealeradar Web Site prominently features the DEALERADAR name and mark.

19. Upon information and belief, Defendant also owns the domain name <dealeradar.com>.

20. Prior to January 2017, Defendant operated the Dealeradar Web Site at www.dealeradar.com. A true and correct copy of the Dealeradar Web Site captured on December 21, 2016 is attached hereto as Exhibit 3.

21. As of the filing date of this Complaint, Defendant redirects visitors to www.dealeradar.com to Defendant's Dealeradar Web Site located at www.radaresults.com/automotive.

22. On the Dealeradar Web Site, Defendant falsely uses a trademark registration symbol (®) next to the DEALERADAR mark, despite the fact that Defendant has not obtained a trademark registration in the United States Patent and Trademark Office. *See* Exhibits 2 and 3.

23. Defendant's Dealeradar Web Site is accessible in the United States.

24. On information and belief, Defendant markets and sells its services to automobile dealers located in the United States.

25. Defendant's use of the DEALERADAR name and mark is confusingly similar, both visually and phonetically, to Plaintiffs' DealerRater Marks.

26. Defendant's services offered under the DEALERADAR name and mark are identical to some of the Plaintiffs' services offered under the DealerRater Marks. For example, Plaintiffs and Defendant both offer reputation management and other online, interactive services to automotive dealers under their respective marks.

27. Upon information and belief, Plaintiffs and Defendant market their respective services to the same U.S. customers, namely U.S. automobile dealers.

28. Upon information and belief, Defendant adopted and uses its DEALERADAR name and mark with actual or constructive knowledge of DR Media Holdings' rights in the DEALERRATER Marks.

29. DR Media Holdings is the owner of the DealerRater Marks and has not authorized Defendant to use the DEALERADAR name and mark.

30. As a result of Defendant's aforementioned acts, Defendant's customers and potential customers have been and/or are likely to be confused into thinking that Defendant is affiliated, connected, or associated with Plaintiffs, or that Plaintiffs authorize or sponsor Defendant's services.

Defendant's Infringing Use of DEALERADAR is Willful

31.     On December 30, 2016, Plaintiffs' counsel sent a letter to Dealeradar demanding that it cease use of the DEALERADAR name and mark, and its <dealeradar.com> domain name, in connection with reputation management and social media solution services for automobile dealers, including through its Internet website located at www.dealeradar.com.  A true and correct copy of this letter is attached as Exhibit 4.

32.     On December 31, 2016, Plaintiffs' counsel forwarded its December 30, 2016 letter to Defendant, Dan Robinson.

33.     Defendant responded to Plaintiffs' counsel, but refused to cease use of the DEALERADAR mark.

34.     As of the filing of this Complaint, Defendant continues to prominently feature the DEALERADAR mark on the Dealeradar Web Site, as well as on the Dealeradar Facebook page (located at www.facebook.com/dealeradar), Instagram account (located at www.instagram.com/dealeradar), and Twitter page (located at www.twitter.com/dealeradar).  A true and correct copy of the Dealeradar Facebook page, Instagram account, and Twitter page are attached as Exhibit 5.

35.     Defendant's continued use of the DEALERADAR name and mark, despite Defendant's actual knowledge of Plaintiffs' rights in the DealerRater Marks, constitutes a deliberate, intentional, and willful attempt to trade upon Plaintiffs' business reputation and goodwill in the DealerRater Marks.

## FIRST CAUSE OF ACTION

### Trademark Infringement – 15 U.S.C. § 1114

36.     Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 35 above as if fully set forth herein.

37. Defendant's unauthorized use of the DEALERADAR name and mark is likely to cause confusion, or to cause mistake or to deceive.

38. Defendant's acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

39. As a direct and proximate result of this trademark infringement, Plaintiffs have suffered and are suffering irreparable injury. Plaintiffs will continue to suffer irreparable injury unless the Court enters an appropriate injunction.

40. As a direct and proximate result of this trademark infringement, Plaintiffs have suffered and are suffering monetary damages in an amount to be determined.

41. The willful and intentional nature of Defendant's trademark infringement makes this an exceptional case under 15 U.S.C. § 1117(a).

## SECOND CAUSE OF ACTION

### False Designation of Origin – 15 U.S.C. § 1125(a)

42. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 35 above as if fully set forth herein.

43. Defendant's unauthorized use of the confusingly similar DEALERADAR name and mark falsely suggests that it is affiliated, connected, or associated with Plaintiffs, or that Defendant's services originate from, or are sponsored or approved by, Plaintiffs.

44. Defendant's unauthorized use of the confusingly similar DEALERADAR name and mark constitutes a false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

45.     As a direct and proximate result of this false designation of origin, Plaintiffs have suffered and are suffering irreparable injury.  Plaintiffs will continue to suffer irreparable injury unless the Court enters an appropriate injunction.

46.     As a direct and proximate result of this false designation of origin, Plaintiffs have suffered and are suffering monetary damages in an amount to be determined.

47.     The willful and intentional nature of Defendant's false designation of origin makes this an exceptional case under 15 U.S.C. § 1117(a).

### THIRD CAUSE OF ACTION

**Common Law Trademark Infringement**

48.     Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 35 as if fully set forth herein.

49.     Defendant's unauthorized use of the DEALERADAR name and mark constitutes trademark infringement under the common law of the Commonwealth of Massachusetts.

50.     As a direct and proximate result of this common law trademark infringement, Plaintiffs have suffered and are suffering irreparable injury.  Plaintiffs will continue to suffer irreparable injury unless the Court enters an appropriate injunction.

51.     As a direct and proximate result of this common law trademark infringement, Plaintiffs have suffered monetary damages in an amount to be determined.

### FOURTH CAUSE OF ACTION

**Common Law Unfair Competition**

52.     Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 35 above as if fully set forth herein.

53. Defendant's misconduct alleged herein constitutes unfair competition under the common law of the Commonwealth of Massachusetts.

54. As a direct and proximate result of the unfair competition, Plaintiffs have suffered and are suffering irreparable injury. Plaintiffs will continue to suffer irreparable injury unless the Court enters an appropriate injunction.

55. As a direct and proximate result of this unfair competition, Plaintiffs have suffered and are suffering monetary damages in an amount to be determined.

## FIFTH CAUSE OF ACTION

### Violation of Massachusetts Consumer Protection Act – M.G.L. c. 93A

56. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 35 above as if fully set forth herein.

57. Defendant's misconduct alleged herein constitutes unfair methods of competition and unfair or deceptive acts or practices in violation of the Massachusetts Consumer Protection Act, M.G. L.c. 93A, §§ 2 and 11.

58. Upon information and belief, Defendant engaged in these unfair and/or deceptive methods and acts willfully, with bad faith, and with knowledge of Plaintiffs' rights.

59. As a direct and proximate result of these unfair and/or deceptive methods and acts, Plaintiffs have suffered and are suffering irreparable injury. Plaintiffs will continue to suffer irreparable injury unless the Court enters an appropriate injunction.

60. As a direct and proximate result of these unfair and/or deceptive methods and acts, Plaintiffs have suffered and are suffering monetary damages in an amount to be determined.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

1. A judgment enjoining Defendant, and all other persons, firms, or corporations acting in concert or participation with Defendant, from using or offering products or services bearing the DealerRater Marks, the DEALERADAR name and mark, or any other mark that is confusingly similar to the DealerRater Marks, including without limitation the <dealeradar.com> domain name.

2. A judgment ordering Defendant, pursuant to 15 U.S.C. § 1116(a), to file with the Court and serve upon Plaintiffs within thirty (30) days after the entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which the Defendant has complied with the injunction.

3. A judgment that Defendant account for and disgorge to Plaintiffs all of Defendant's profits resulting from its act of trademark infringement, false designation of origin, and unfair competition.

4. A judgment that Plaintiffs be awarded damages, plus interest, in an amount to be determined.

5. A judgment that Plaintiffs be awarded enhanced damages, up to three times its actual damages, pursuant to 15 U.S.C. § 1117(a) and the Massachusetts Consumer Protection Act (M.G.L. c. 93A, § 11).

6. A judgment that Plaintiffs be awarded its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a), the Massachusetts Consumer Protection Act (M.G.L. c. 93A, § 11 ), and the common law of the Commonwealth of Massachusetts.

7. A judgment that Plaintiffs recover their cost of this action plus interest pursuant to 15 U.S.C. § 1117(a), the Massachusetts Consumer Protection Act (M.G.L.c. 93A, § 11), and the common law of the Commonwealth of Massachusetts.

8. A judgment that Plaintiffs be granted such other and further relief as the Court deems just and proper.

DATED: November 14, 2017
Respectfully submitted,

/s/ Christine R. Fitzgerald
Christine R. Fitzgerald BBO #637906
Belcher Fitzgerald LLP
Two Oliver Street, Suite 302
Boston, Massachusetts 02110
Telephone: (617) 368-6890
Facsimile: (617) 368-6891
cfitzgerald@belcherfitzgerald.com

Thad Chaloemtiarana*
Ashly Iacullo Boesche*
Jacquelyn R. McPeak*
PATTISHALL, MCAULIFFE, NEWBURY, HILLIARD & GERALDSON LLP
200 South Wacker Drive, Suite 2900
Chicago, Illinois 60606
Telephone: (312) 554-8000
Facsimile: (312) 554-8015
tc@pattishall.com
aib@patishall.com
jrp@pattishall.com

*Attorneys for Plaintiffs DR Media Holdings, LLC, and DealerRater.com, LLC*
*\* Not admitted in District of Massachusetts*